UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC TYMELL MILES-BAKER,

                          Plaintiff,

              -against-

BANQUE DE FRANCE,

                          Defendant.

22-CV-9249 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, filed this action invoking the Court's diversity jurisdiction.[1] He sues Banque de France and asks the Court to "facilitate correspondence with the defendant . . . and act in good character and faith in [Plaintiff's] journey to procure [his] inheritance." (ECF 1, at 6.) By order dated December 1, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action, but grants Plaintiff leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff originally filed this action in the United States District Court for the Eastern District of New York. By order dated October 20, 2022, that court transferred this action to this court. *Miles-Baker v. Banque de France*, No. 22-CV-4958 (E.D.N.Y. Oct. 20, 2022).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff asserts that he is a citizen of New York, and that Defendant Banque de France has been incorporated under the laws of France, and has its principal place of business in Paris, France. Plaintiff alleges that:

> [a] few notables have contacted [him] by means of interrogation, asserting that [his] inheritance was unsecured. [He asks the Court to] offer guidance on securing [his] inheritance, and in addition, by means of "jus sanguinis," [he also] asks that a passport be issued and that assets be transferred in [his] name and secured in the United Kingdom. [He further] ask[s] that all correspondence about this matter be sent by affidavit and processed either through the courts, or sent directly to [his] email [address].

(ECF 1, at 5.)

Plaintiff includes with his complaint a copy of what he asserts is his family's coat of arms, as well as a copy of a document generated by the website "ancestry.com" that purports to list Plaintiff's ancestors, including his fiftieth great-grandfather, who died in the year 610. (*Id.* at 7-11.) He also attaches a copy of a document in which he purports to have changed his name from "Eric Tymell Baker" to "Eric Tymell Miles-Baker."[2] (*Id.* at 12.)

---

[2] Plaintiff filed a substantially similar action against NatWest Group PLC. On December 9, 2022, the Court dismissed that action for lack of subject matter jurisdiction and because it was filed in the wrong venue. *See Miles-Baker v. NatWest Group PLC*, ECF 1:22-CV-9250, 7 (S.D.N.Y. Dec. 9, 2022). The Court, however, granted Plaintiff leave to replead his claims in an amended complaint. Plaintiff did not file an amended complaint and on February 16, 2023, the Court issued a civil judgment in that case. *Id.*, ECF 8.

2

**DISCUSSION**

**A.      Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua*

*sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

initiative.").

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that

he and the defendant are citizens of different states; a party may alternatively be a citizen or

subject of a foreign country, so long as he or she is not lawfully admitted for permanent

residence in the United States and domiciled in the same state where the opposing party is a

citizen. *See* 28 U.S.C. § 1332(a)(2); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

For diversity jurisdiction purposes, an individual is considered to be a citizen of the state where

he or she is domiciled, which is defined as the state where he or she "has his [or her] true fixed

home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of

returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation

3

marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). In addition, for diversity jurisdiction, the plaintiff must allege to a "reasonable probability" that his or her claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted); *see Hodel v. Irving*, 481 U.S. 704, 711 (1987) ("[T]he existence of a case or controversy is a jurisdictional prerequisite to a federal court's deliberations."). "The basic inquiry [to determine whether there is a case or controversy] is whether the 'conflicting contentions of the parties . . . present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'" *Babbit v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (citation omitted). A litigant's request for legal advice from the court, however, does not present a case or controversy. *See Windstream Servs., LLC v. BMG Rights Mgm't (US) LLC*, No. 16-CV-5015, 2017 WL 1386357, at *9 (S.D.N.Y. Apr. 17, 2017) ("It would be very nice to be able to ask federal judges for legal advice – if I do thus and so, will I be subject to being sued and if I am sued am I likely to lose and have to pay money or even [be] clapped in jail? But that would be advisory jurisdiction, which, . . . [is] inconsistent with Article III's limitation of federal jurisdiction to actual disputes. . . ." (quoting *Klinger v. Conan Doyle Estate, Ltd.*, 755 F.3d 496,

498-99 (7th Cir. 2014)) (second alteration in original)), *appeal dismissed*, No. 17-1515, 2017

WL 5329346 (2d Cir. Sept. 25, 2017).

Furthermore, under the probate exception to a district court's subject matter jurisdiction,

a district court lacks subject matter jurisdiction to: (1) administer an estate, probate a will, or do

any other purely probate matter, or (2) "'reach a res [(thing)] in the custody of a state court.'"

*Lefkowitz v. Bank of New York*, 528 F.3d 102, 106 (2d Cir. 2007) (quoting *Marshall v. Marshall*,

547 U.S. 293, 312 (2006)). In addition, the Secretary of State, not the federal courts, has the

authority to issue passports. *See* 22 U.S.C. § 211a.

Plaintiff alleges that he is a citizen of the State of New York and that Defendant Banque

de France, which is a French corporation with its place of business in Paris, France. The Court

will therefore assume, for the purpose of this order, that Defendant is a citizen of France, and that

the parties are diverse.

Plaintiff seeks legal advice from the Court, asks the Court to issue him a passport, and

requests that the Court order the transfer of assets to him without presenting facts showing a case

or controversy among the parties. Plaintiff has therefore not offered a case or controversy for this

Court to resolve. Furthermore, Plaintiff has not alleged any facts showing that his claims for

relief satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or

value of $75,000. Accordingly, the Court lacks diversity jurisdiction to consider this action, and

it therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his

claims in an amended complaint in which he alleges facts sufficient to show that the Court has

diversity jurisdiction to consider this action; Plaintiff should include any reason why this action

presents a case or controversy that a federal court is permitted to resolve, and why the probate

exception to a federal court's subject matter jurisdiction does not preclude this Court from

considering this action.

**B.     Venue**

Plaintiff has also not alleged any facts showing why this court is a proper venue for this

action. Under the general venue provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if
> there is no district in which an action may otherwise be brought as provided in
> this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where

the person is domiciled, § 1391(c)(1), and any other entity with the capacity to sue and be sued,

if a defendant, resides "in any judicial district in which such defendant is subject to the court's

personal jurisdiction with respect to the civil action in question," § 1391(c)(2). With respect to a

defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that
> is a corporation is subject to personal jurisdiction at the time an action is
> commenced, such corporation shall be deemed to reside in any district in that
> State within which its contacts would be sufficient to subject it to personal
> jurisdiction if that district were a separate State, and, if there is no such district,
> the corporation shall be deemed to reside in the district within which it has the
> most significant contacts.

§ 1391(d).

In addition, "[t]he district court of a district in which is filed a case laying venue in the

wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to

any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Atl.*

*Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tx.*, 571 U.S. 49, 58

(2013) ("[A] district cannot be "wrong" if it is one in which the case could have been brought under § 1391.")

Plaintiff alleges nothing to suggest that Defendant Banque de France resides within this judicial district, that any of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district, that any property at issue is located within this judicial district, or that Defendant is subject to the court's personal jurisdiction with respect to this action. The Court therefore additionally dismisses this action as pending in the wrong venue. *See* § 1406(a). The Court, however, grants Plaintiff leave to file an amended complaint to allege facts showing why this Court is a proper venue for this action.

**C.    Leave to amend**

The Court grants Plaintiffs leave to file an amended complaint that complies with the standards set forth above. Plaintiff must provide specific facts about his claims. In the "Statement of Claim" section of his amended complaint, he must provide a short and plain statement of the relevant facts supporting each claim against the defendant. If Plaintiff has an address for the defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what the defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who injured him; how, when, and where such injuries occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and because it is pending in the wrong venue, *see* 28 U.S.C. § 1406(a). The Court, however, grants Plaintiff 30 days' leave to file an amended complaint in which he alleges facts sufficient to show that the Court has diversity jurisdiction to consider this action and that this action is pending in the proper venue. If Plaintiff fails to file an amended complaint within the time allowed, and cannot show good cause as to why such failure should be excused, the Court will enter judgment dismissing this action for the reasons set forth in this order.[3]

---

[3] The Court notes that after previously warning Plaintiff that further meritless litigation in this Court may result in an order barring him from filing new actions IFP in this court without prior leave of court, on December 5, 2022, the Court directed Plaintiff, within 30 days, to show cause by declaration, why he should not be barred from filing any future civil action in this court IFP without first obtaining leave to file. *Baker v. Pestana Park Avenue*, ECF 1:22-CV-9253, 7 (S.D.N.Y. Dec. 5, 2022). Plaintiff did not file a declaration, and on February 15, 2023, the Court barred Plaintiff from filing any future civil action in this court IFP without first obtaining leave to file. *Id.*, ECF 8. This action was filed before the bar order was issued.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  April 14, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                          State                    Zip Code

_____        _____

Telephone Number                     Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

Defendant 2: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

Defendant 3: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

Defendant 4:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City              State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.